UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PURUS PLASTICS GmbH,<br><br>Petitioner,<br><br>vs.<br><br>ECO TERR DISTRIBUTING, INC.,<br><br>Respondent. | NO.<br><br>PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS |

Petitioner Purus Plastics GmbH, f/k/a purus Arzberg GmbH ("Purus"), by and through its attorneys, James D. Nelson and Shaina R. Johnson of Betts Patterson & Mines, P.S., for its petition to confirm foreign arbitral awards, alleges as follows:

**NATURE OF THE PROCEEDING**

1.  This is a proceeding under Chapter Two of the Federal Arbitration Act (9 U.S.C. § 201 *et seq.*) and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38) (the "New York Convention") seeking the recognition and enforcement of two arbitral awards rendered in favor of Petitioner. The arbitral awards were rendered on September 8, 2015 and October 14, 2015 (collectively, the "Awards") by a panel of three arbitrators located in Nuremberg, Germany, in the following international arbitration: *Purus Plastics GmbH v. Eco*

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS - 1 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

*Terr Distributing, Inc.* (*Deutsche Institutionen für Schiedsgerichtsbarkeit e. V.*, DIS-SV-Nü-1/13) (the "Arbitration").

2. Duly authenticated and certified copies of the Awards (issued in the German language) are attached as Exhibits F and G to the Declaration of Dr. Ulrike Helkenberg (the "Helkenberg Declaration"), and are incorporated herein by reference. The Helkenberg Declaration is attached as Exhibit 1 of this Petition. Attached as Exhibits 2 and 3 of this Petition are certified translations of the Awards into English.

## PARTIES, VENUE AND JURISDICTION

3. Petitioner is a limited liability company established under the laws of the Federal Republic of Germany. It maintains its principal place of business in Arzberg, Germany.

4. Respondent Eco Terr Distributing, Inc. ("Eco Terr") is a corporation organized under the laws of the State of Washington and maintains its principal place of business in Sammamish, Washington.

5. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1332, and 9 U.S.C. § 203.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and 9 U.S.C. § 204, as Respondent is a resident of this district.

## BACKGROUND

7. On August 9, 2008, Purus entered into a Distributorship Agreement (the "Agreement") with Eco Terr. A true and correct copy of the Agreement (in German and English) is attached as Exhibit A to the Helkenberg Declaration.

8. The stated purpose of the Agreement was for Purus to "transfer distribution of the flooring system ECOGRID (the "**Product**") to the Distributor [Eco Terr]. The Distributor undertakes to actively promote distribution of the Product and to use its best efforts to safeguard

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS - 2 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

the interests of purus." Agreement, § A.1. The "Territory" of the Agreement was defined as "North America (Canada and the United States of America)." Agreement § A.2.

9. Pursuant to the Agreement, Purus granted to Eco Terr "the exclusive right to distribute the Product under the designations HOOFGRID, STABILIGRID or HOMEGRID in the Territory." Eco Terr was "not entitled to distribute the Product under any designation other than ECORASTER, ECOGRID, HOOFGRID, STABILIGRID and HOMEGRID." Agreement, § H.6.

10. The Agreement also contained the following obligation:

> The Distributor [Eco Terr] shall apply for registration of the designations HOOFGRID, STABILIGRID and HOMEGRID as trademarks solely for the Product (the "Trademarks") with the United States Patent and Trademark Office and with the Canadian Intellectual Property Office within six months after signing of this Agreement. The Distributor shall take all necessary steps to have the Trademarks registered to it without undue delay and bear any costs related to the registration. The design of the trademarks HOOFGRID, STABILIGRID and HOMEGRID shall be adapted to the design of the trademarks ECORASTER and ECOGRID. The design of the trademarks shall require the prior written approval of purus before application is made to register them as trademarks. Agreement, § H.7.

11. The Agreement further provided:

> The Distributor hereby transfers the Trademarks to purus with effect from the expiry date of the Contract. purus accepts the transfer. All other rights and registrations in the US, in Canada and abroad in relation to the Trademarks, and the goodwill attaching to the Trademarks, and rights acquired through usage, if any, are also being assigned. The Distributor hereby gives its consent for registration of the transfer of rights in the Trademarks in the corresponding registers. The Distributor shall take all steps that are necessary or requested by purus to enable or further the valid acquisition of the Trademarks by purus and the registration of purus as their owner. Following the expiry date of this Contract, the Distributor shall hand over to purus all documents it has in its possession relating to the Trademarks, in particular applications, the ensuing correspondence with the authorities and the registration certificates, documents concerning searches and watch services, the database with the data (if available) and

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS - 3 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

agreements with third parties, if any.  This also applies to all documents relating to the provisional or definitive refusal of protection for any international registration of any Trademark.  The registration documents shall be presented in the original; copies of all other documents shall suffice. Agreement, § H.8.

12. With respect to any disputes which may arise between the parties, the Agreement provides as follows:

> In the event that the parties have differences of opinion over the performance or termination of this Agreement, the contracting parties shall undertake to settle such differences firstly by way of mediation based on the rules of procedure prevailing at the mediation centre of the Nuremberg Chamber of Industry and Commerce for Central Franconia *(Mediationszentrum der Industrie- und Handelskammer Nürnberg für Mittelfranken).*
>
> In the event that the parties are unable to reach an agreement through such mediation, any party may require that arbitration proceedings be instituted – to the exclusion of ordinary courts – on the basis of the rules of arbitration for the standing arbitral tribunal of the Nuremberg Chamber of Industry and Commerce for Central Franconia *(Ständiges Kaufmännisches Schiedsgericht der Industrie- und Handelskammer Nürnberg für Mittelfranken).* **The decision of the arbitral tribunal shall be final and binding.**  Agreement, §§ M.5. and 6. (emphasis added).

13. At no time during the term of the Agreement did Eco Terr apply for trademark registrations of HOOFGRID, STABILIGRID and HOMEGRID as expressly required by §H.7. of the Agreement.

14. On June 22, 2011, Purus provided Eco Terr with notice of its intention to terminate the Agreement. In accordance with this notice, the Agreement expired on December 31, 2011.

15. On the day following the Agreement's expiration, January 1, 2012, Eco Terr filed Trademark/Service Mark applications with the United States Patent and Trademark Office ("USPTO") for the marks HOOFGRID and STABILIGRID.  These applications reflected Eco Terr as the sole applicant and represented to the USPTO that "no other person, firm, corporation,

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS

- 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

or association has the right to use the mark in commerce." Copies of these applications are attached as Exhibits B and C to the Helkenberg Declaration.

16. Eco Terr successfully registered the STABILIGRID trademark with the USPTO effective December 11, 2012 (Registration No. 4259085). Eco Terr successfully registered the HOOFGRID trademark with the USPTO effective January 1, 2013 (Registration No. 4269608).

17. In addition, Eco Terr registered the STABILIGRID and HOOFGRID trademarks with the Canadian Trademark Office effective February 5, 2013 (Registration Nos. TMA842215 and TMA 842216).

18. In late January 2012, Purus first learned that Eco Terr was attempting to register these trademarks under its own name. Purus immediately demanded that Eco Terr transfer the trademarks. Eco Terr refused to comply, ultimately resulting in the Arbitration.

## **THE ARBITRATION**

19. Petitioner Purus, the Claimant in the Arbitration, commenced arbitration against Eco Terr, the Respondent in the Arbitration, with the submission of an Arbitration - Statement of Claim dated May 7, 2013. A copy of the Arbitration – Statement of Claim is attached as Exhibit D to the Helkenberg Declaration.

20. The German Institution for Arbitration *("Deutsche Institution für Schiedsgerichtsbarkeit e.V.")* ("DIS") confirmed that Eco Terr was served with the Arbitration – Statement of Claim on May 23, 2013. A copy of the DIS confirmation of service is attached as Exhibit E to the Helkenberg Declaration.

21. A three member Arbitral Tribunal was duly constituted and the place of arbitration was fixed as Nuremberg, Germany, in accordance with the terms of the Agreement.

22. On September 8, 2015, the Arbitral Tribunal issued its Award (the "*Schiedsspruch*") resolving the merits of the dispute set forth in the Arbitration – Statement of Claim.

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS - 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

23. In the *Schiedsspruch*, a unanimous Arbitral Tribunal:

    a. ordered Eco Terr to transfer the U.S. and Canadian trademarks HOOFGRID and STABILIGRID to Purus;

    b. enjoined Eco Terr from the further use of the HOOFGRID and STABILIGRID trademarks in commerce in North America;

    c. ordered Eco Terr to provide Purus with information regarding the sales and distribution channels of the subject products, including the names and addresses of manufacturing, supplies and customers of these products, and the amount of the manufacture, delivered, received or ordered products as well as the prices paid for these products;

    d. ordered Eco Terr to pay Purus compensatory damages in the amount of EURO 20,000;

    e. ordered Eco Terr to compensate Purus for all past and future damages arising from its failure to register and transfer the trademarks HOOFGRID, STABILIGRID and HOMEGRID, and arising from Eco Terr's unlawful use of the trademarks STABILIGRID and HOOFGRID; and

    f. ordered Eco Terr to reimburse Purus for the costs it incurred in bringing the Arbitration.

24. On October 14, 2015, the Arbitral Tribunal issued a second Award (the "*Kostenschiedsspruch*") directing Eco Terr to reimburse Purus the amount of EURO 111,449.48 in costs incurred in bringing the Arbitration.

25. On January 12, 2016, the DIS issued written notification that the "*Schiedsspruch*" and the "*Kostenschiedsspruch*" "are the final decisions rendered in the above-mentioned arbitral proceedings. The arbitral proceedings have been terminated with the rendering of these

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS - 6 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

1  decisions."  A copy of the January 12, 2016 DIS notification is attached as Exhibit H to the Helkenberg Declaration.

2  26.     Following the conclusion of the arbitral proceedings, Purus repeatedly demanded that Eco Terr comply with the Awards.  For example, in December 2015, counsel for Purus forwarded to Eco Terr a Trademark Assignment to effectuate the transfer of the trademarks as ordered by the Arbitral Tribunal.  At copy of this Trademark Assignment is attached as Exhibit A to the Declaration of Frederick W. Reif (the "Reif Declaration").  The Reif Declaration is attached as Exhibit 4 to this Petition.

27.     Eco Terr refused to execute this Trademark Assignment or to otherwise comply with the Awards. Instead, Eco Terr continued to improperly use the STABILIGRID and HOOFGRID trademarks in commerce in clear violation of the terms of the Awards.  Attached as Exhibit C to the Reif Declaration is a copy of Eco Terr's website (www.ecoterr.com) as of February 5, 2018 reflecting its use of these trademarks.

28.     By letter dated May 23, 2016, counsel for Purus again demanded that Eco Terr comply with the terms of the Awards, including transfer of the trademarks and payment of the damages awarded by the Arbitral Tribunal.  In addition, Purus demanded that Eco Terr cease and desist from its continued improper use of these trademarks.  A copy of this May 23, 2016 letter is attached as Exhibit B to the Reif Declaration.

29.     Notwithstanding, the express terms of the Awards and the efforts of Purus, to date Eco Terr has refused to comply with the Awards.  Eco Terr continues to use the STABILIGRID and HOOFGRID trademarks in commerce in the United States and Canada.

**PETITIONER SEEKS CONFIRMATION AND ENFORCEMENT OF THE AWARDS**

30.     Respondent has refused to comply with the terms of the Awards, which are final and binding, or to pay any of the amounts owed thereunder.

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS - 7 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

31.     The Awards and the proceeding from which they issued fully satisfy the requirements of the New York Convention for recognition and enforcement in the United States, and should therefore be confirmed by the district court.

32.     First, the Awards fall under the New York Convention. An arbitral award falls under the New York Convention where it arises out of a legal relationship, which is considered commercial, including a transaction, contract or agreement to arbitrate, and which is not entirely between citizens of the United States. 9 U.S.C. § 202. The Awards in this case arise out of a commercial legal relationship that is not entirely between citizens of the United States. Moreover, § M.6. of the Agreement constitutes a valid agreement to arbitrate.

33.     Second, the Awards were made in the territory of another contracting state – Germany. The United States and Germany are both signatories to the New York Convention. Article I(1) of the New York Convention provides in pertinent part that it "shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such award are sought, and arising out of differences between persons, whether physical or legal." Art. I(1) (enforceable by 9 U.S.C. § 201). Article I(1) of the New York Convention further provides: "When signing, ratifying or acceding to this Convention… any State may on the basis of reciprocity declare that it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State." The United States, in acceding to the New York Convention, adopted this reciprocity reservation. Since the Awards were rendered in Germany, they fall under the New York Convention and were "made… in the territory of another Contracting State." *Id.*

34.     Third, the requirements of Section 207 of the Federal Arbitration Act (9 U.S.C. § 207), which implements the New York Convention, are also met. Article III of the New York Convention provides: "Each Contracting State shall recognize arbitral awards as binding and

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS - 8 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

enforce them in accordance with the rules of procedure of the territory where the award is relied upon . . . ." Section 207 of the Federal Arbitration Act provides, in turn, that:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court *shall* confirm the award unless if finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention. 9 U.S.C. § 207 (emphasis added).

35.  Here, this petition has been filed within the three-year time limitation applicable to the Awards (which were rendered on September 8 and October 14, 2015). Nor are there any grounds for refusal or deferral of recognition or enforcement of the Awards, as set forth in Article V of the New York Convention.

36.  Finally, enforcement is consistent with the "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 631 (1985). As the Supreme Court observed, "at least since this Nation's accession in 1970 to the Convention, and the implementation of the Convention in the same year…, that policy applies with special force in the field of international commerce." *Id.*

37.  Courts have thus routinely confirmed foreign arbitral awards that meet the requirements of the New York Convention. For instance, in *Compagnie d'Enterprises CFE, S.A. v. Republic of Yemen*, the court confirmed an award issued by an arbitral tribunal in Cyprus, arising out of a contract to build a harbor in Yemen. The award was issued in favor of a Belgian corporation against the Republic of Yemen. *Compagnie d'Enterprises CFE, S.A. v. Republic of Yemen,* 180 F. Supp. 2d 12 (D.D.C. 2001).

38.  Reflecting the strong federal policy favoring arbitration, "the confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984).

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS

- 9 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

Congress sought to "expedite petitions for confirmation of foreign arbitral awards" under the New York Convention by "prescrib[ing] a summary procedure in the nature of federal motion practice" for the disposition of such petitions. *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir. 1976); *see* 9 U.S.C. § 9, 208 (providing that applications for confirmation "shall be made and heard in the manner provided by law for the making and hearing of motions"); *Termorio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 940 (D.C. Cir. 2007) ("[I]t appears that motions to enforce arbitral awards should proceed under motions practice, not notice pleading.").

39. In sum, this petition satisfies all of the requirements of Section 207 and there are no grounds for refusing enforcement. As a result, this Court must confirm the Awards.

40. The Court also has discretion to award post-award, prejudgment interest. "This general rule reflects the widely accepted, remedial purpose of pre-judgment interest—which is to 'compensat[e] the injured party for the loss of the use of money he would otherwise have had.'" *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1102 (9th Cir. 2011) (quoting *Frank Music Corp. v. Metro–Goldwyn–Mayer Inc.*, 886 F.2d 1545, 1550 (9th Cir.1989)).

41. In addition, "federal courts have authority to award attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Id*. at 1104. "'[A]n unjustified refusal to abide by an arbitrator's award,' [. . .] 'may equate an act taken in bad faith, vexatiously or for oppressive reasons.'" *Id*. (quoting *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir.1996)). Despite the express terms of the Awards and the efforts of Purus, to date Eco Terr has refused to comply with the Awards. Eco Terr continues to use the STABILIGRID and HOOFGRID trademarks in commerce in the United States and Canada.

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS — - 10 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

# COUNT I

42. Petitioner incorporates the above paragraphs as if stated herein.

43. Pursuant to 9 U.S.C. § 207, Petitioner requests that this Court confirm and recognize the Awards and enter judgment in favor of Petitioner and against Eco Terr in accordance with the terms of the Awards, including the amount of the Awards with post-award interest, plus Petitioner's costs and attorney's fees incurred in this proceeding.

WHEREFORE, Petitioner Purus respectfully requests that this Court enter an order and judgment, pursuant to 9 U.S.C § 207, granting the relief set forth in Count I of this Petition, and awarding Petitioner such other and further relief as the Court deems just and proper.

DATED this 22nd day of February, 2018.

BETTS, PATTERSON & MINES, P.S.

By /s James D. Nelson
By /s Shaina R. Johnson
   James D. Nelson, WSBA #11134
   Shaina R. Johnson, WSBA #46079
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:   (206) 292-9988
Facsimile:   (206) 343-7053
E-mail:   jnelson@bpmlaw.com
E-mail:   sjohnson@bpmlaw.com
Attorneys for Petitioner Purus Plastics GmbH

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS - 11 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043

## CERTIFICATE OF SERVICE

I, James D. Nelson, hereby certify that on February 22, 2018, I electronically filed the following:

- **Petition to Confirm Foreign Arbitral Awards; and**
- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Defendant:*

DATED this 22nd day of February 2018.

                        BETTS, PATTERSON & MINES P.S.

By  /s James D. Nelson
    James D. Nelson, WSBA #11134
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:  (206) 292-9988
Facsimile:   (206) 343-7053
E-mail:      jnelson@bpmlaw.com
Attorneys for Petitioner Purus Plastics GmbH

PETITION TO CONFIRM FOREIGN ARBITRAL AWARDS - 12 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1220111_2.docx/022218 1519/9998-0043