Honorable James L. Robart

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PURUS PLASTICS GmbH,

Petitioner,

vs.

ECO TERR DISTRIBUTING, INC.,

Respondent.

NO. 2:18-CV-00277-JLR

MEMORANDUM OF PURUS
PLASTICS GMBH IN OPPOSITION
TO ECO-TERR DISTRIBUTING'S
MOTION TO DISMISS

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 1 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................... 1

II. STATEMENT OF FACTS ...................................................................................... 2

    a.  The Parties Enter Into an Agreement With a Binding Arbitration Clause ............ 2

    b.  Eco-Terr's Use of the Marks in Commerce ........................................................ 5

    c.  Purus' Discovery of Eco-Terr's Breach and Commencement of Arbitration......... 6

    d.  The Tribunal Finds in Favor of Purus and Issues Two Well-Reasoned and
        Final Awards ...................................................................................................... 7

III. LEGAL STANDARDS ........................................................................................... 9

    a.  Standard of Review Under the New York Convention ......................................... 9

        i.   The Burden is on the Party Resisting Enforcement to Establish a
            Defense, Which Are Construed Narrowly ................................................. 10

        ii.  There is a Strong Public Policy in Favor of Arbitral Dispute
            Resolution and Therefore, The Burden Is Substantial ............................... 11

        iii. Courts Have Little Discretion in this Summary Proceeding And
            May Not Review the Merits of the Arbitrator's Decision ........................ 12

IV. ARGUMENT ......................................................................................................... 13

    a.  Eco-Terr Fails To Set Forth a Defense to the Valid and Binding
        Arbitration Awards and Therefore The Awards Should Be Enforced................. 13

        (1) The Awards Fall Within the Scope of the Arbitration Agreement
            and Purus's Submission ........................................................................... 13

        (2) The Subject Matter of the Difference Was Capable of Settlement
            by Arbitration Under the Laws of Germany ............................................. 15

        (3) The Arbitral Procedure Was In Accordance With the Agreement of
            the Parties.................................................................................................. 17

        (4) The Awards Are Binding and Final on the Parties ................................... 19

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 2 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

(5)     The Arbitration Award is Not Contrary to the Public Policy of the United States .................................................................................................. 20

b.     This Court Should Grant Purus' Petition Without The Need For Any Further Proceedings ............................................................................................ 21

c.     This Court Should Award Post-Award Prejudgment Interest and Attorney's Fees to Purus On This Motion ......................................................... 22

V.     CONCLUSION ............................................................................................................. 24

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 3 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*BCB Holdings Ltd. v. Gov't of Belize*,
110 F. Supp. 3d 233 (D.D.C. 2015), *aff'd*, 650 F. App'x 17 (D.C. Cir. 2016)
*enforcement granted*, 232 F. Supp. 3d 28 (D.D.C. 2017)....................................... 11, 22

*Castro v. Tri Marine Fish Co., LLC*,
No. C17-8RSL, 2017 WL 3262473 (W.D. Wash. July 31, 2017) ................................ 10, 11, 21

*CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*,
850 F.3d 58 (2d Cir.), *cert. denied*, 138 S. Ct. 557, 199 L. Ed. 2d 437 (2017) ........................ 22

*China Nat. Metal Prod. Imp./Exp. Co. v. Apex Digital, Inc.*,
379 F.3d 796 (9th Cir. 2004) ............................................................. 11, 12, 18

*Concesionaria Dominicana de Autopistas y Carreteras, S.A. v. Dominican State*,
926 F. Supp. 2d 1 (D.D.C. 2013)........................................................... 23, 24

*Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*,
156 F.3d 310 (2nd Cir. 1998) .................................................................. 12

*Florasynth, Inc. v. Pickholz*,
750 F.2d 171 (2d Cir. 1984) ..................................................................... 12

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
485 F.3d 450 (9th Cir. 2007) .................................................................... 21

*Hyosung (Am.) Inc. v. Tranax Techs. Inc.*,
No. C 10-0793 VRW, 2010 WL 1853764 (N.D. Cal. May 6, 2010)........................ 19

*Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech.*,
763 F. Supp. 2d 12 (D.D.C. 2011).............................................................. 12

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)............................................ 11

*Maltby Biocontrol, Inc., et al. v. Biobest N.V., et al.*
No. CV 12-142 PA (OPX), 2012 WL 12951472 (C.D. Cal. May 14, 2012)........................... 21

*MediVas, LLC v. Marubeni Corp.*,
592 F. App'x 642 (9th Cir. 2015)............................................................ 10, 11

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

*Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.,*
   665 F.3d 1091 (9th Cir. 2011) ............................................................... 10, 11, 12, 19, 20, 22, 23

*Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.,*
   969 F.2d 764 (9th Cir. 1992) ............................................................................................. 13

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,*
   473 U.S. 614, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985)................................................... 20

*Salini Costruttori S.p.A. v. Kingdom of Morocco,*
   233 F. Supp. 3d 190 (D.D.C. 2017)................................................................................... 22

*Scherk v. Alberto-Culver,*
   417 U.S. 506, 94 S. Ct. 2449, 41 L. Ed. 2d 270 (1974).............................................. 10, 11

*Seung Woo Lee v. Imaging3, Inc.,*
   283 F. App'x 490 (9th Cir. 2008)...................................................................................... 12

*Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.,*
   84 F.3d 1186 (9th Cir. 1996) ............................................................................................ 23

*TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,*
   No. 4:17-CV-00997-KAW, 2017 WL 5450762 (N.D. Cal. Nov. 14, 2017) ...................... 17

*Univ. of Notre Dame (USA) in England v. TJAC Waterloo, LLC,*
   861 F.3d 287 (1st Cir. 2017)............................................................................................. 19

**Statutes**

9 U.S.C. § 201 ...................................................................................................................... 9, 21

9 U.S.C. § 207......................................................................................................... 1, 2, 10, 21, 22, 24

**Other Authorities**

New York Convention Article V ......................................................................................... 10, 24

New York Convention Article V(1)(c) ........................................................................................ 13

New York Convention Article V(1)(d)........................................................................................ 17

New York Convention Article V(1)(e)........................................................................................ 19

New York Convention Article V(2)(a) ........................................................................................ 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

New York Convention Article V(2)(b) ........................................................................ 20

New York Convention, Article V(1)-(2) .................................................................... 21

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 6 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

I.    INTRODUCTION

Purus Plastics GmbH, f/k/a/ purus Arzberg GmbH ("Purus"), by and through its undersigned counsel, hereby submits this memorandum of law in opposition to Eco-Terr Distributing, Inc.'s ("Eco-Terr") Motion to Dismiss Purus's Petition to Confirm Foreign Arbitral Awards pursuant to 9 U.S.C. § 207 (the "Petition"). Purus and Eco-Terr engaged in binding arbitration, and now Eco-Terr, without justification, resists enforcement of the resulting foreign arbitral awards (the "Awards").

Purus's Petition seeks the enforcement of binding, final Awards rendered by a panel of three arbitrators located in Nuremberg, Germany in *Purus Plastics GmbH v. Eco-Terr Distributing, Inc.* (*Deutsche Institutionen für Schiedsgerichtsbarkeit e. V.*, DIS-SV-Nü-1/13) (the "Arbitration"). The Arbitration was required as the result of Eco-Terr's breach of a Distributorship Agreement entered into between Purus and Eco-Terr in 2008 (the "Agreement"). The Agreement required, among other things, for Eco-Terr to register three trademarks, STABILIGRID, HOOFGRID and HOMEGRID (the "Marks"), and transfer them to Purus at the conclusion of the Agreement. Eco-Terr violated the Agreement by failing to register these Marks when required.

The Arbitral Tribunal (or "Tribunal") issued two unanimous Awards: (1) a thirty-one page decision finding that Eco-Terr had knowingly and intentionally breached the Agreement, directing Eco-Terr to transfer the Marks to Purus and to immediately cease using the Marks, and to pay damages (the "First Award"), and (2) a decision awarding Purus EUR 111,449.48 in costs incurred in bringing the Arbitration (the "Second Award"). Eco-Terr has failed to comply with any aspect of the Awards and continues to use the Marks in commerce. Purus has repeatedly

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS                    - 1 -
CASE NO. 2:18-cv-00277-JLR

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

demanded that Eco-Terr comply, but to no avail, necessitating the additional expense and inconvenience of the instant Petition.

Eco-Terr admits that the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention") applies to the Awards in this case. The New York Convention specifically requires that the court *shall* confirm those awards unless the party resisting enforcement affirmatively establishes one of the few specifically enumerated grounds for refusal or deferral of recognition of the award. 9 U.S.C. § 207. None of those exceptions exist here. Critically, Eco-Terr, in its Motion to Dismiss, does not challenge: (1) the validity of the Agreement or the mandatory arbitration provision, (2) the jurisdiction of the Tribunal which conducted the Arbitration or (3) the rules which governed the Arbitration.

Instead, Eco-Terr attempts to collaterally attack the Awards and to re-litigate issues fully and finally resolved by the Tribunal in Germany. The New York Convention does not provide Eco-Terr with the "second bite at the apple" that it seeks. As there are no defenses to the recognition and enforcement of the Awards, Purus respectfully requests that this Court: (1) deny Eco-Terr's Motion to Dismiss, (2) enter an order and judgment confirming the Awards, (3) award Purus attorney's fees and costs, and (4) grant such other and further relief as the Court deems just and proper.

## II.      STATEMENT OF FACTS

### a.  The Parties Enter Into an Agreement With a Binding Arbitration Clause

Purus is a limited liability company established under the laws of Germany with its principal place of business in Arzberg, Germany. (Petition ¶ 1). Eco-Terr is a corporation registered in Washington on April 7, 2006. (Petition ¶ 4). On or about April 9, 2008, Purus and

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 2 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

Eco-Terr entered into the Agreement. (Declaration of Dr. Ulrike Helkenberg, dated January 31, 2018 at Ex. A) ("First Helkenberg Decl."). The Agreement is in German, with a "convenience translation" in English.  (First Helkenberg Decl., Ex. A). The Agreement provides that "[o]nly the German text of the Agreement shall be genuine and legally relevant" (Agreement § N(10)). In the Agreement, Purus granted Eco-Terr the right to distribute a Purus product known as the ECOGRID system within the United States and Canada. (Agreement § A(1) and § B). Eco-Terr promised to "actively promote distribution of the product [ECOGRID] and to use its best efforts to safeguard the interests of purus." (Agreement § A(1)).

Eco-Terr wished to market the ECOGRID product as "HOOFGRID" and "STABILIGRID" in the U.S. and Canada.  (*See* Declaration of Charles Baker in Support of Respondent Eco-Terr's Motion to Dismiss at ¶ 5) ("Baker Decl."). Purus agreed to this request and gave Eco-Terr the "exclusive right to distribute the Product under the sgiendations HOOFGRID, STABILIGRID or HOMEGRID in the Territory." (Agreement § N(6)). However, Eco-Terr was also required to obtain trademark protection for those Marks as trademarks solely for Purus' ECOGRID product and transfer those Marks to Purus at the conclusion of the Agreement. Eco-Terr's obligation to register the Marks was as follows:

> The Distributor [Eco-Terr] shall apply for registration of the designations HOOFGRID, STABILIGRID and HOMEGRID as trademarks solely for the Product (the "Trademarks") with the United States Patent and Trademark Office and with the Canadian Intellectual Property office within six months after signing of this Agreement. (Agreement § H(7))

Eco-Terr was affirmatively required by the Agreement to "take all necessary steps to have the Trademarks registered to it without undue delay and bear any costs related to the

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 3 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

registration." (Agreement § N(7)). The Agreement further provided that the Marks would be automatically transferred to Purus upon expiration of the Agreement:

> The Distributor hereby transfers the Trademarks to purus with effect from the expiry date of the Contract. Purus accepts the transfer. All other rights and registrations in the US, in Canada, and abroad in relation to the Trademarks, and the goodwill attaching to the Trademarks, and rights acquired through usage, if any, are also being assigned. The Distributor hereby gives its consent for registration of the transfer of rights in the Trademarks in the corresponding registers. (*Id*. § H(8)).

Again, Eco-Terr was affirmatively required to "take all steps that are necessary or requested by purus to enable or further the valid acquisition of the Trademarks by purus and the registration of purus as their owner." *Id*. At the conclusion of the Agreement, Eco-Terr was no longer "entitled to make use in any way the name of Purus, its trademarks and other identification marks" and required to "refrain from any other indication of its former contractual relationship with purus and any remarks likely to give the impression that the Distributor continues to be an authorized member of the purus distribution network." (*Id*. § M(8)).

Eco-Terr and Purus agreed upon a mandatory mediation and arbitration provision, which provided in pertinent part:

> In the event that the parties are unable to reach an agreement through such mediation, any party may require that arbitration proceedings be instituted – to the exclusion of ordinary courts – on the basis of rules of arbitration for the standing arbitral tribunal of the Nuremberg Chamber of Industry and Commerce for Central Franconia (*Ständiges Kaufmännisches Schiedsgericht der Industrie- und Handelskammer Nürnberg für Mittelfranken*). The decision of the arbitral tribunal shall be final and binding.  (Id.§ N(5)).

The Nuremberg Chamber of Industry and Commerce for Central Franconia (the "Nuremberg Chamber of Commerce") is a member of the *Deutsche Institutionen für Schiedsgerichtsbarkeit e. V.* – the German Institution of Arbitration ("DIS"). (Declaration of Dr.

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

1    Ulrike Helkenberg, dated April 16, 2018, at ¶ 6) ("Second Helkenberg Decl."). The "rules of

2    arbitration" of the Nuremberg Chamber of Commerce ("Nuremberg Rules") are based upon and

3    fully incorporate the rules of the DIS (the "DIS Rules") (Second Helkenberg Decl. at ¶ 6, Exhibit

4    1). Any arbitration initiated with the Nuremberg Chamber of Commerce is forwarded to the

5    DIS, which delivers the claim to the respondent and carries out administrative tasks until such

6    time that a tribunal is empaneled. (Second Helkenberg Decl., Ex. 2, DIS Rules, Art. 3). The DIS

7    Rules provide, in part, that "[i]f the parties have not agreed upon the language of the arbitration,

8    the arbitral tribunal shall fix the language of the arbitration." (*Id*., DIS Rules, Art. 23).

9            **b.  Eco-Terr's Use of the Marks in Commerce**

10           Pursuant to its terms, the Agreement was in effect from April 1, 2008 to December 31,

11   2011. Throughout this period, Eco-Terr used the Marks in commerce in an effort to market its

12   products. For example, on April 11, 2008, Eco-Terr's website prominently reflected

13   STABILIGRID, HOOFGRID and HOMEGRID among its products. (*See* Declaration of Shaina

14   R. Johnson, dated April 16, 2018, Exhibit 1) ("Johnson Decl."). On October 14, 2008, Eco-Terr

15   touted itself as "the US Distributor/Manufacturer Support" for four products: "HoofGrid for

16   Horses", "HoofGrid for Cattle & Dairy", "StabiliGrid" and "HomeGrid." (Johnson Decl., Exhibit

17   2). On December 9, 2011, shortly prior to the termination of the Agreement, the home page of

18   the Eco-Terr website identified "STABILIGRID™" and "HOOFGRID™" among its products

19   (Johnson Decl., Exhibit 3). Notably, by this point in time, Eco-Terr had included a ™ symbol

20   following the words "STABILIGRID" and "HOOFGRID", suggesting that trademark

21   applications had been filed and were in process. *Id.* Eco-Terr continues to market

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR                                            - 5 -
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

STABILIGRID and HOOFGRID products on its website to this day. (Johnson Decl., Exhibits 4-5).

### c. Purus' Discovery of Eco-Terr's Breach and Commencement of Arbitration

By letter dated June 22, 2011, Purus terminated the Agreement. This termination was in accordance with the terms of the Agreement and advised Eco-Terr that the contractual relationship would terminate as of December 31, 2011. (Agreement § L(2)) (First Award, p. 9, ¶ 24). Shortly after termination, Purus discovered that Eco-Terr had never complied with its contractual obligation to apply for registration of the designations HOOFGRID, STABILIGRID and HOMEGRID as trademarks.   (Petition ¶ 18) (First Award, p. 10, ¶¶ 27-30). To Purus' surprise, Eco-Terr waited until January 1, 2012, literally the first day after the expiration of the Agreement, and then trademarked HOOFGRID and STABILIGRID in its own name. (First Helkenberg Decl., Ex. B and C) (First Award, p. 10, ¶ 25).

On or about May 21, 2012, Purus applied to the Nuremberg Chamber of Commerce to hold mediation proceedings. (First Award, p. 11, ¶ 36). Eco-Terr advised that it would not appear for the scheduled hearing. *Id*. The mediator then stated in a letter dated on or about September 27, 2012 that the mediation had failed and had been ended. *Id*. The parties proceeded to arbitration. On or about May 7, 2013, Purus commenced arbitration against Eco-Terr by submitting its Statement of Claim to the Nuremberg Chamber of Commerce. (Petition ¶¶ 19-20, First Helkenberg Decl., Ex. E). Pursuant to the DIS Rules, the Tribunal consisted of three arbitrators.  (DIS Rules, Art. 3, "Number of Arbitrators"). Each party was to select one arbitrator and the two arbitrators were to appoint the President of the Tribunal. (DIS Rules, Art. 12, Arbitral Tribunal With Three Arbitrators). Purus selected one arbitrator, Dr. Martin Rothermel.

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS        - 6 -
CASE NO. 2:18-cv-00277-JLR

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

(Second Helkenberg Decl., ¶ 8). Eco-Terr missed its deadline to select its arbitrator, so the DIS appointed one on Eco-Terr's behalf, Dr. Christoph Ann. *Id.* Eco-Terr approved the selection of Dr. Ann by email dated July 9, 2013. *Id.*, Ex. 3.  Dr. Rothermel and Dr. Ann then selected Dr. Alice Broichmann to be the President. *Id.*, Ex. 4.

Once empaneled, the Tribunal solicited Purus's and Eco-Terr's preferences on the language of the arbitral proceedings, to which Purus responded on September 24, 2013 and Eco-Terr responded on September 30, 2013. *Id.*, Ex. 6.  In accordance with its authority pursuant to the DIS Rules, the Tribunal ultimately determined that the language of the proceedings was to be German. However, the Tribunal issued an order allowing both parties to submit annexes to the written pleadings in German and/or English. *Id.*, Ex. 7; First Award, p. 20, ¶ 74.

### d.  The Tribunal Finds in Favor of Purus and Issues Two Well-Reasoned and Final Awards

On September 8, 2015, after over two years of proceedings, and based upon dozens of written pleadings the Tribunal issued its First Award (the "*Schiedsspruch*") resolving the merits of the dispute. *See* Petition ¶¶ 22-23; First Award, p. 2;  Brief in Support of Respondent Eco-Terr's Motion to Dismiss, p. 6 ("After years of litigation, the Arbitration Panel found in Purus' favor[.]") ("Eco-Terr's Brief"). The First Award is a thirty-one page, single-spaced decision consisting of 135 paragraphs of well-reasoned factual and legal findings demonstrating full consideration of the arguments and evidence advanced by both parties. (Second Helkenberg Decl. ¶ 11). On October 14, 2015, the Tribunal issued the Second Award (the "*Kostenschiedsspruch*") directing Eco-Terr to reimburse Purus the amount of EUR 111,449.48 in costs incurred in bringing the Arbitration.

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 7 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

The Tribunal held that it was "competent to reach a decision on the claims asserted," in part because the Agreement contemplated that binding arbitration would cover "all breaches of obligation associated with it that could result in compensation for damages." (First Award, p. 21, ¶¶ 81-82). The Tribunal correctly determined that the Agreement obligated Eco-Terr to register the Marks and that Eco-Terr simply failed to do so:

> In accordance with Section H(7) of the Distributor Agreement, the Respondent [Eco-Terr] was obligated to apply for the registration of the names HOOFGRID and STABILIGRID as trademarks within 6 months from the signing of the Distributor Agreement with the USPTO and CIPO. The Respondent undisputedly did not make the application within the 6-month period. This means that a breach of obligation exists. (First Award, p. 23, ¶ 94).

The Tribunal concluded that Purus's complaint was "fully justified," (First Award p. 21, ¶ 83), and granted all the relief requested by Purus, holding that "[t]he circumstances under which the registrations of the trademarks took place prove the premeditation of the Respondent." (First Award p. 14, ¶ 52). Strikingly, the Tribunal found that Eco-Terr "intentionally refrained from applying to register the trademarks within the 6-month deadline and intentionally waited for the ending of the Distributor Agreement in order to be able to finally perform the applications immediately afterward." (First Award, p. 24, ¶ 99).

Eco-Terr admits that the various arguments raised in the instant Motion to Dismiss were considered and rejected by the Tribunal. *See e.g.* Eco-Terr's Brief, pp. 5-6 ("Throughout the arbitration proceedings in Germany, Eco-Terr argued that none of the provisions in Section H of the Agreement were capable of completion[.]"; Eco-Terr's Brief, p. 12 ("Here, as Eco-Terr argued before the Arbitration Panel…"). The Tribunal's well-reasoned decision stated that it was not impossible to register the Marks and, even if it was, Eco-Terr was affirmatively obligated to

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 8 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

take whatever steps were necessary to comply with its obligations under the Agreement. (First Award, pp. 24-25, ¶¶ 99-108). The First Award directed Eco-Terr to take the following actions:

(1) transfer the Marks to Purus,
(2) refrain from using the Marks,
(3) provide information to Purus relating to the names and addresses of manufacturers and customers, along with the quantity of goods produced and sold,
(4) pay monetary damages to Purus in the amount of EUR 20,000,
(5) reimburse Purus for "all damage which has arisen or will arise in the future" in connection with the failure to register and transfer the Marks, and
(6) reimburse Purus for the cost of the legal dispute, including the cost of the failed mediation. (First Award, p. 2-3).

The Second Award directed Eco-Terr to reimburse Purus for (1) the processing fees and expenses of the Tribunal, totaling EUR 65,236.30 (*Id.* ¶ 16), (2) attorney's fees in the amount of EUR 45,715.72 (*Id.* ¶ 24) and (3) the cost of the mediation proceedings totaling EUR 497.46. (*Id.* ¶ 29). On January 12, 2016, the DIS issued written notification that the *Schiedsspruch* and *Kostenschiedsspruch* are the final decisions rendered in the arbitral proceedings and that the proceedings are terminated. (Petition ¶ 25) (First Helkenberg Decl., Ex. H). Eco-Terr does not object to the Second Award. (Eco-Terr's Brief, p. 7).

## III.   LEGAL STANDARDS

### a.   Standard of Review Under the New York Convention

The Awards in this case fall under the purview of the New York Convention. (Eco-Terr's Brief, pp. 7-8) (Petition ¶ 32). The New York Convention was adopted by the United States in Title 9, the Federal Arbitration Act, at 9 U.S.C. § 201 *et seq*. Eco-Terr admits that "[t]he New York Convention was the result of a global effort to make arbitration an efficient and certain method of resolving international disputes." (Eco-Terr's Brief, p. 8). The goal of the New York Convention is "to encourage the recognition and enforcement of commercial arbitration

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 9 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver*, 417 U.S. 506, 520 n. 15, 94 S. Ct. 2449, 41 L. Ed. 2d 270 (1974); *see also Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1097 (9th Cir. 2011); *Castro v. Tri Marine Fish Co., LLC*, No. C17-8RSL, 2017 WL 3262473, at *2 (W.D. Wash. July 31, 2017).

Under 9 U.S.C. §207, any party to an arbitration may, within three years, "apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration." (Petition ¶ 34). It also provides that "[t]he court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added). Article V of the New York Convention specifies that recognition and enforcement can be refused only on the basis of seven enumerated defenses. (Eco-Terr's Brief pp. 8-9); *see also MediVas, LLC v. Marubeni Corp.*, 592 F. App'x 642, 643 (9th Cir. 2015) ("The grounds for a court's refusal or deferral of recognition or enforcement of an arbitration award are limited to the seven grounds listed in Article V of the Convention[.]").

i.   The Burden is on the Party Resisting Enforcement to Establish a Defense, Which Are Construed Narrowly

Enforcement of foreign arbitral judgments under the New York Convention may only be refused "at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof…" New York Convention, Article V(1). Therefore, it is well-established that the party opposing recognition or

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 10 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

enforcement "has the burden of showing the existence of a New York Convention defense." *MediVas, LLC v. Marubeni Corp.*, 592 F. App'x 642, 644 (9th Cir. 2015); *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1096 (9th Cir. 2011) ("*Cubic Def. Sys.*"). "Rather than review the merits of the underlying arbitration, we review de novo only whether the party established a defense under the Convention." *Cubic Def. Sys.*, 665 F.3d at 1103; *China Nat. Metal Prod. Imp./Exp. Co. v. Apex Digital, Inc.*, 379 F.3d 796, 799 (9th Cir. 2004)). The New York Convention defenses are "construed narrowly." *Cubic Def. Sys.*, 665 F.3d at 1096; *Castro v. Tri Marine Fish Co., LLC*, No. C17-8RSL, 2017 WL 3262473, at *3 (W.D. Wash. July 31, 2017).

> ii. There is a Strong Public Policy in Favor of Arbitral Dispute Resolution and Therefore, The Burden Is Substantial

There is a "strong public policy favoring confirmation of foreign arbitration awards." *Cubic Def. Sys.*, 665 F.3d at 1098; *Castro v. Tri Marine Fish Co., LLC*, No. C17-8RSL, 2017 WL 3262473, at *2 (W.D. Wash. July 31, 2017). It is the policy of the United States that binding and valid agreements to arbitrate must be respected. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, 94 S. Ct. 2449, 2457, 41 L. Ed. 2d 270 (1974) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 7, 92 S. Ct. 1907, 1912, 32 L. Ed. 2d 513 (1972)). The burden on the party resisting enforcement "is substantial[.]" *MediVas, LLC*, 592 F. App'x at 644 (9th Cir. 2015); *Cubic Def. Sys.*, 665 F.3d at 1096; *BCB Holdings Ltd. v. Gov't of Belize*, 110 F. Supp. 3d 233, 247 (D.D.C. 2015), *aff'd*, 650 F. App'x 17 (D.C. Cir. 2016), and *enforcement granted*, 232 F. Supp. 3d 28 (D.D.C. 2017) ("the showing required to avoid summary confirmation is high").

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 11 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

iii.   <u>Courts Have Little Discretion in this Summary Proceeding And May Not Review the Merits of the Arbitrator's Decision</u>

The confirmation of an arbitral award under the New York Convention is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984); *see also Cubic Def. Sys.*, 665 F.3d at 1095, n.1. Therefore, the court's "review of a foreign arbitration award is quite circumscribed." *China Nat. Metal Prod. Imp./Exp. Co. v. Apex Digital, Inc.*, 379 F.3d 796, 799 (9th Cir. 2004). The court is not permitted to re-litigate matters that were raised before the foreign arbitral panel, as it "does not sit to hear claims of factual or legal error by an arbitrator in the same manner that an appeals court would review the decision of a lower court." *Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech.*, 763 F. Supp. 2d 12, 20 (D.D.C. 2011). "Absent extraordinary circumstances, a confirming court is not to reconsider an arbitrator's findings." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.,* 156 F.3d 310, 315 (2nd Cir. 1998); *see also Seung Woo Lee v. Imaging3, Inc.*, 283 F. App'x 490, 493 (9th Cir. 2008) ("those issues were considered by the KCAB and are not subject to reconsideration here"). A party is not entitled to re-litigate an entire proceeding simply "because it is unhappy with the result from the arbitrator." *Seung Woo*, 283 F. App'x 490, 493 (9th Cir. 2008). Instead, "a court must confirm an arbitration award where some colorable support for the award can be gleaned from the record." *Int'l Trading & Indus. Inv. Co. v. DynCorp Aerospace Tech.*, 763 F. Supp. 2d 12, 20 (D.D.C. 2011)

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 12 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## IV.   ARGUMENT

### a.   Eco-Terr Fails To Set Forth a Defense to the Valid and Binding Arbitration Awards and Therefore The Awards Should Be Enforced

After agreeing to arbitrate and participating in the arbitration process, Eco-Terr now seeks to prevent enforcement of the resulting valid and binding Awards by re-litigating the entire matter before this Court. This is precisely the conduct prohibited by the New York Convention. The Arbitration took place in accordance with the process which was negotiated and agreed upon by Purus and Eco-Terr. Therefore, Eco-Terr is bound by its outcome. Eco-Terr's arguments against confirmation are without merit and, as admitted by Eco-Terr, were raised before the Tribunal and rejected. (Eco-Terr's Brief p. 5, 12, 18).

### (1)   The Awards Fall Within the Scope of the Arbitration Agreement and Purus's Submission

Under Article V(1)(c) of the New York Convention, a court may refuse to recognize and to enforce an award if "[t]he award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration." However, "because a general pro-enforcement bias inform[ed] the Convention, section 1(c) should be construed narrowly[.]" *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 770 (9th Cir. 1992). Eco-Terr argues that the agreement to arbitrate "[o]nly applied to events occurring during that contract period," (Brief p. 11) and that the Tribunal considered events "after the Agreement ended and were in no way related to the Agreement." (Brief p. 11). This argument is without merit.

The Agreement provided that if "the parties have differences of opinion over the performance or termination of this Agreement … any party may require that arbitration

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS                      - 13 -
CASE NO. 2:18-cv-00277-JLR

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

proceedings be instituted[.]" (Agreement § N(5)). The Tribunal correctly determined that "this claim arises directly from Section H (8) Distributor Agreement." (First Award, p. 22, ¶ 85). It also correctly observed that "[i]n accordance with Section H(7) Distributor Agreement, the Respondent was obligated to apply for the registration of the named HOOFGRID and STABILIGRID as trademarks within 6 months from the signing of the Distributor Agreement with the USPTO and the CIPO. The Respondent undisputedly did not make the application within the 6-month period." (First Award, p. 23, ¶ 94). It is clear that the actions from which Purus's damages flow are Eco-Terr's breach of its obligations under the Agreement, and that Purus alleged as such in its Statement of Claim. *See* First Helkenberg Decl., Ex. D; Arbitration Agreement p. 24, ¶ 99 ("[t]he breach of obligation that exists in the failure to perform the application due within the 6-month period is not subsequently canceled as a result of later developments.").

Eco-Terr also claims to have taken "no actions" with regard to the trademarks until January 1, 2012, with the principal of Eco-Terr swearing in his Declaration that "Eco-Terr did not begin its product innovation and design work until 2012, after the Agreement was terminated." (Baker Decl. ¶ 7). Eco-Terr also claims that as of December 31, 2011, more than six months after the notice of termination, it "did not have any intention of creating" a product to use in commerce. (Baker Decl. ¶ 16). Even if this argument could be considered *de novo* – and it cannot – it is clearly untrue, is irrelevant, and was already rejected when it was made during the Arbitration. The Tribunal addressed this argument, made in Eco-Terr's pleading to the Tribunal dated May 27, 2014, stating that "[t]he Respondent shows here that it intentionally refrained from applying to register the trademarks within the 6-month deadline and intentionally waited

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 14 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

1   for the ending of the Distributor Agreement in order to be able to finally perform the applications

2   immediately afterward." (First Award, p. 24, ¶ 99). Indeed, Eco-Terr was able to file a complete

3   Intent to Use application for both HOOFGRID and STABILIGRID the very next day. (First

4   Helkenberg Decl., Exs. B-C). The First Award correctly states that "[i]f it was possible to *apply*

5   for the registration on January 1, 2012 – and the wording of Section H(7) of the Distributor

6   Agreement does not request any more than the *application* for the registration – experience

7   shows that this would also have been possible previously." (First Award, p. 24, ¶ 98).

8        (2)   <u>The Subject Matter of the Difference Was Capable of Settlement by Arbitration</u>
              <u>Under the Laws of Germany</u>

9   

10        Under Article V(2)(a) of the New York Convention, a court may refuse to recognize and

11  enforce an arbitral award if "[t]he subject matter of the difference is not capable of settlement by

12  arbitration under the law of" the country where recognition and enforcement is sought. Eco-Terr

13  argues that, since United States and Canadian trademarks are involved, that this difference is not

14  capable of settlement by arbitration under the laws of Germany. (Eco-Terr's Brief, pp. 13-14).

15  These arguments are without merit and, as with the others, were considered and correctly

16  rejected by the Tribunal. (Arbitration Agreement, pp. 24-25, ¶¶ 99-108). This defense is also

17  "construed narrowly." *Cubic Def. Sys.*, 665 F.3d. at 1096.

18        *First,* Eco-Terr rehashes its argument that the Awards "applied to Eco-Terr's 2012

19  conduct or trademarks obtained after the Agreement was terminated in 2011." (Eco-Terr's Brief,

20  p. 13). This argument is discussed above, as the breach of obligation took place during the course

21  of the Distribution Agreement and the disagreement related to the terms of the Distribution

22  Agreement. (*See e.g.* First Award p. 24, ¶ 101).

23  

24  

25  

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS          - 15 -
CASE NO. 2:18-cv-00277-JLR

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

1    *Second*, Eco-Terr argues that the Awards are contrary to United States and Canadian law.

2    (Eco-Terr's Brief, p. 14). This argument is without merit, cannot be re-litigated, and was rightly

3    addressed by the Tribunal. On this point, the Tribunal stated: "This legal situation in the U.S.A.

4    is not only known to the courts but is furthermore *undisputed*." (First Award, p. 24 ¶ 101)

5    (emphasis added). The Tribunal reviewed the positions of the Parties and their legal arguments

6    (First Award, p. 24-25, ¶¶ 101-103) and determined that Eco-Terr had failed to dispute Purus'

7    position "with any substantiation." Furthermore, Eco-Terr's arguments about the application of

8    U.S. law are not just unfounded but are *irrelevant* because, as pointed out by the Tribunal, in

9    accordance with Section H(7) of the Agreement, Eco-Terr was required to "do everything

10   necessary to achieve the registration of the marks without unreasonable delay." (First Award p.

11   25, ¶ 103). Since at no time during the 6-month period or at any time during the Agreement did

12   Eco-Terr approach Purus in an attempt to overcome any obstacles to registration that existed, "it

13   culpably failed to achieve the registration of the marks without unreasonable delay." *Id*. Eco-Terr

14   failed to perform its obligations under the contract.

15       *Third,* Eco-Terr argues that the Awards are impossible to comply with and/or illegal to do

16   so. Again, this argument was rejected by the Tribunal and cannot be reconsidered. As with its

17   other arguments, it is also without merit and Eco-Terr also cites no law in support of its position.

18   Eco-Terr simply claims, as it did before the Tribunal, that Purus cannot own the Marks because

19   "it does not possess any goods marked with either trademark." (Eco-Terr's Brief, p. 15). As

20   mentioned above, the Tribunal was familiar with the applicable law and found Purus' position to

21   be "undisputed," as Eco-Terr failed to controvert Purus' position "with any substantiation[.]"

22   (First Award, p. 24, ¶ 101). On the merits, the Tribunal further determined that none of the laws

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS                    - 16 -
CASE NO. 2:18-cv-00277-JLR

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

cited by Eco-Terr required that the mark be affixed directly onto the product. *Id.* at ¶ 103. It further determined that any legal or factual obstacles to the transfer of the Marks to Purus remain the responsibility of Eco-Terr to resolve as Eco-Terr had the affirmative contractual duty to take all steps necessary to overcome any obstacles that existed to registration. *Id.* at ¶¶ 103-104; *see also* Agreement § H(6)-(7). As is clear from the record, Eco-Terr planned all along to steal the Marks for its own use at the expiration of the Agreement. (First Award, p. 24, ¶ 99). If there is any "confusion" with regard to the Marks, it is the current confusion by which consumers are purchasing a knock off product after years of Purus' products being marketed using the Marks. Eco-Terr was prohibited from using Purus' Marks at the end of the Agreement (Agreement § M(8)), and is restrained from doing so by the First Award. (First Award pp. 2-3). Eco-Terr sold Purus' products using the Marks, Eco-Terr has no good will in the Marks, and Eco-Terr is permanently prohibited from using the Marks.[1]

### (3) The Arbitral Procedure Was In Accordance With the Agreement of the Parties

Under Article V(1)(d) of the New York Convention, a court may refuse to recognize and enforce an arbitral award if "[t]he composition of the arbitral authority of the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place." Eco-Terr complains that it "reasonably expected the arbitration between the Parties would be conducted in English."

[1] Even if there were legal barriers to full compliance with the Awards – and there are not – this would not be a valid reason to deny confirmation of the Awards as the Awards are valid and Eco-Terr does not argue that it would be impossible to refrain from using the Marks or pay monetary damages. *TMCO Ltd. v. Green Light Energy Sols. R&D Corp.*, No. 4:17-CV-00997-KAW, 2017 WL 5450762, at *4 (N.D. Cal. Nov. 14, 2017) ("whether Petitioner is able to specifically perform … does not entitle [Respondent] to … avoid[] the confirmation of the Final Award.")

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 17 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

(Brief p. 16). This argument is without merit because Eco-Terr specifically agreed to the application of rules of arbitration of the Nuremberg Chamber Commerce, which expressly incorporate the DIS Rules. The DIS Rules clearly invested the Tribunal with the authority to "determine the language or languages to be used in the proceedings." (DIS Rules, § 22 "Language of Proceedings").

In accordance with this rule, the Tribunal accepted submissions from both parties as to the language to be used for the proceedings. (Second Helkenberg Decl. at ¶¶ 9-10) (First Award, p. 20). After considering those submissions, the Tribunal decided that the proceedings would be in German. However, the Tribunal did extend Eco-Terr the additional courtesy of deciding that "both parties would be able to submit annexes to the written pleadings in German and/or English." (Second Helkenberg Decl. at ¶ 10, First Award, p. 20, ¶ 74). The decision of the Tribunal to proceed in German is not subject to review but, in any case, was proper as (1) the language of the Agreement is German (Agreement § N(10), Second Helkenberg Decl. ¶ 4), (2) the national language of the agreed-upon place of the arbitration is German, (3) the language of the applicable rules is German, (4) the Agreement is governed by German law (Agreement § N(9)) and (5) the place of performance of the Agreement was Germany (Agreement § N(4)) and the products were delivered *ex works* in Germany. (Agreement § E(6)).

Determination of the language of the proceeding by the Tribunal is exactly what the parties contemplated and, therefore, the Tribunal's well-reasoned decision may not be disturbed. *See e.g. China Nat. Metal Prod. Imp./Exp. Co. v. Apex Digital, Inc.*, 379 F.3d 796, 802 (9th Cir. 2004) (declining to vacate arbitral award even though the process was "inefficient" and the procedure used "would never have been permitted" in the United States). Eco-Terr was free to

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 18 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

negotiate English as the language of the arbitration proceeding before entering into the Agreement – it did not do so.

(4) <u>The Awards Are Binding and Final on the Parties</u>

Under Article V(1)(e) of the New York Convention, a court may refuse to recognize and enforce an arbitral award if it "has not yet become binding on the parties, or has been set aside of suspended by a competent authority of the country in which, or under the law of which, that award was made." Eco-Terr provides no authority for its argument that the Award is not final or binding. (Brief p. 17-18). Indeed, the Awards are binding.

"An arbitration award becomes binding when 'no further recourse may be had to another arbitral tribunal (that is, an appeals tribunal).'" *Cubic Def. Sys.*, 665 F.3d at 1100–01. The "familiar finality standard" is that an award is final when "it evidences the arbitrators' intention to resolve all claims submitted in the demand for arbitration." *Univ. of Notre Dame (USA) in England v. TJAC Waterloo, LLC*, 861 F.3d 287, 291 (1st Cir. 2017). Here, the Tribunal intended to resolve all claims and the DIS conclusively confirmed that the Awards "are the final decisions rendered in the arbitral proceedings."  (First Helkenberg Decl., Ex. H). An award of ongoing monetary damages does not render a determination not final. *See e.g. Hyosung (Am.) Inc. v. Tranax Techs. Inc.*, No. C 10-0793 VRW, 2010 WL 1853764, at *5 (N.D. Cal. May 6, 2010) (award is final despite open issue of attorney's fees and costs). The Awards are final and must be confirmed.

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 19 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

(5) <u>The Arbitration Award is Not Contrary to the Public Policy of the United States</u>

Finally, under Article V(2)(b) of the New York Convention, a court may refuse to recognize and enforce an arbitral award where "[t]he recognition or enforcement of the award would be contrary to the public policy of [the] country [where enforcement is sought]."

The United States has an "emphatic federal policy in favor of arbitral dispute resolution" that applies with special force in the field of international commerce. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631, 105 S. Ct. 3346, 3356, 87 L. Ed. 2d 444 (1985). In light of that, the public policy defense to enforcement "is construed narrowly." *Cubic Def. Sys.,* 665 F.3d at 1096–97. "It applies only when confirmation or enforcement of a foreign arbitration award 'would violate the forum state's most basic notions of morality and justice.'" *Cubic Def. Sys.*, 665 F.3d at 1097 (collecting cases). Although this defense is frequently raised, it "has rarely been successful." *Id.*

Eco-Terr rehashes its arguments (1) that the Award penalizes Eco-Terr for obeying the law and not "filing a false trademark application," and that transferring the Marks would be impossible (*see* Section IV(a)(2), *supra*) and (2) that the use of the German language in the Arbitration was unfair, this time infringing on Eco-Terr's due process rights (*see* Section IV(a)(3), *supra*). These arguments are all without any citation to law and were, again, all considered and rejected by the Tribunal as well as addressed above. *See also* First Award, p. 24, ¶ 98 ("If it was possible to *apply* for the registration on January 01, 2012 – and the wording of Section H(7) of the Agreement does not request any more than the *application* for the registration – experience shows that this would also have been possible previously."); First

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 20 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

Award, p. 24, ¶ 99 (Eco-Terr "intentionally refrained from applying to register the trademarks within the 6-month deadline[.]")

Furthermore, following the process contractually agreed-upon by the Parties, one which provided both sides a full opportunity to be heard, cannot violate due process. *Cf. Maltby Biocontrol, Inc., et al. v. Biobest N.V., et al.*, No. CV 12-142 PA (OPX), 2012 WL 12951472, at *5 (C.D. Cal. May 14, 2012) (deprivation of right to a jury trial does not offend due process) *(citing Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007); *Castro v. Tri Marine Fish Co., LLC,* No. C17-8RSL, 2017 WL 3262473, at *5 (W.D. Wash. July 31, 2017) (party is bound by his agreement under "general contract principles").

### b. This Court Should Grant Purus' Petition Without The Need For Any Further Proceedings

Eco-Terr admits that this matter is governed by the New York Convention, 9 U.S.C. §201 *et seq*. The New York Convention provides that "[r]ecognition and enforcement of the award may be refused … only if [the party resisting enforcement] furnishes … proof" that one of the enumerated defenses exists. New York Convention, Article V(1)-(2). The United States' implementation of the New York Convention mandates that a court *shall* confirm the Awards unless one of the specifically enumerated grounds for refusal or deferral of recognition or enforcement of the award exists. *See* 9 U.S.C. § 207. Eco-Terr also admits that this action is timely and that enforcement is mandatory if Eco-Terr cannot establish one of the enumerated defenses. (Eco-Terr's Brief, p. 9) ("this Court must recognize and enforce [the Awards] unless Eco-Terr can prove that at least one of the above-listed grounds for refusal exists in this case.")

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 21 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

1    Purus has established every element required for the confirmation of a foreign arbitral

2    award under 9 U.S.C. § 207 as (1) this Court has personal and subject matter jurisdiction, (2) this

3    proceeding was brought within three years of the Awards and (3) the denial of the instant Motion

4    to Dismiss proves that none of the enumerated grounds for refusal or deferral of recognition or

5    enforcement exist. (*See* Petition ¶¶ 1-43) (Eco-Terr's Brief p. 9). The New York Convention and

6    its implementing legislation "envision a single-step process for reducing a foreign arbitral award

7    to a domestic judgment." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 72

8    (2d Cir.), *cert. denied,* 138 S. Ct. 557, 199 L. Ed. 2d 437 (2017). A court may grant the Petition

9    after denial of respondents' motion to dismiss without any further proceedings. *See, e.g. BCB*

10   *Holdings Ltd. v. Gov't of Belize*, 110 F. Supp. 3d 233, 238 (D.D.C. 2015), *aff'd,* 650 F. App'x 17

11   (D.C. Cir. 2016), and *enforcement granted,* 232 F. Supp. 3d 28 (D.D.C. 2017); *Salini Costruttori*

12   *S.p.A. v. Kingdom of Morocco*, 233 F. Supp. 3d 190, 201 (D.D.C. 2017)

13          **c.   This Court Should Award Post-Award Prejudgment Interest and Attorney's
               Fees to Purus On This Motion**

14   Federal law allows the District Court to award post-award, prejudgment interest in

15   actions under the New York Convention. *Cubic Def. Sys.*, 665 F.3d at 1103 (adopting position of

16   Second and Eleventh Circuits and allowing award of post-award interest in New York

17   Convention actions). Furthermore, District Courts may also "award attorney's fees when the

18   losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Cubic Def.*

19   *Sys.*, 665 F.3d at 1104). "An unjustified refusal to abide by an arbitrator's award … may equate

20   an act taken in bad faith, vexatiously or for oppressive reasons." *Id.* (quoting *Sheet Metal*

21   *Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.,* 84 F.3d 1186, 1192 (9th Cir.

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 22 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

1996)); *Concesionaria Dominicana de Autopistas y Carreteras, S.A. v. Dominican State*, 926 F. Supp. 2d 1, 2 (D.D.C. 2013) (reviewing Second and Ninth Circuit case law and awarding attorneys' fees and costs).

The facts entitling Purus to interest and attorney's fees are clearly established. Eco-Terr was required to register the Marks and transfer them to Purus by no later than December 31, *2011*, over six years ago. (Agreement § H(8); First Award). After failing to comply with its obligations, Eco-Terr refused to participate in mandatory mediation, forcing Purus to initiate and pursue the Arbitration. After over two years of arbitration, the Tribunal unanimously determined that Eco-Terr, with premeditation, knowingly intended to breach its agreement with Purus. (First Award, p. 24, ¶¶ 52, 99). Eco-Terr has resisted compliance with the Awards, requiring Purus to incur the additional expense of bringing the instant Petition. (Declaration of Frederick Reif, dated February 12, 2018, submitted with the Petition, at ¶¶ 4-7) (Reif Decl."). Now, Eco-Terr's Motion to Dismiss seeks to re-litigate the merits of the dispute, in contravention of the New York Convention. Meanwhile, Eco-Terr has refused to transfer the Marks, has continued to improperly use the Marks, and has failed to satisfy the monetary portion of the judgment in commerce in clear violation of the terms of the Awards and despite Purus' good faith efforts to obtain compliance. (Petition ¶¶ 27, 40-41, Reif Decl., Ex. C, Johnson Decl., Ex. 4-5).

Eco-Terr's conduct amounts to an "unjustified refusal to abide by an arbitrator's decision," and is therefore unjustified, wanton, and in bad faith. A party cannot "simply ignor[e] the validity of [an] Arbitration Award." *See Ministry of Def. & Support for Armed Forces of Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, No. 98-CV-1165-B DHB, 2013 WL 55828, at *6 (S.D. Cal. Jan. 3, 2013). Therefore, in addition to the post-award interest, Purus is entitled to

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 23 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

its fair and reasonable attorneys' fees and costs in bringing this Petition and opposing this motion. *Id.* (awarding interest and attorney's fees); *Concesionaria Dominicana de Autopistas y Carreteras, S.A. v. Dominican State*, 926 F. Supp. 2d 1, 3 (D.D.C. 2013) (awarding attorney's fees where party resisting arbitral award did so in bad faith).

## V.    CONCLUSION

Purus respectfully requests that this Court enter an order and judgment: (1) denying Eco-Terr's Motion to Dismiss in its entirety as no defenses exist to the recognition and enforcement of the Awards under Article V of the New York Convention, (2) recognizing the Awards pursuant to 9 U.S.C. § 207 and entering judgment in favor of Purus and against Eco-Terr in accordance with the terms of the Awards, (3) awarding Purus attorney's fees and costs due to Eco-Terr's unjustified refusal to abide by the Awards, and (4) such other and further relief as the Court deems just and proper.

DATED this 16th day of April, 2018.

BETTS, PATTERSON & MINES, P.S.


By   /s Shaina R. Johnson
        James D. Nelson, WSBA #11134
        Shaina R. Johnson, WSBA #46079
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:     (206) 292-9988
Facsimile:     (206) 343-7053
E-mail:        jnelson@bpmlaw.com
E-mail:        sjohnson@bpmlaw.com
Attorneys for Petitioner Purus Plastics GmbH

MEMORANDUM OF PURUS PLASTICS GMBH
IN OPPOSITION TO ECO-TERR
DISTRIBUTING'S MOTION TO DISMISS
CASE NO. 2:18-cv-00277-JLR

- 24 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2

## CERTIFICATE OF SERVICE

I, Shaina R. Johnson, hereby certify that on April 16, 2018, I electronically filed the following:

- **Memorandum of Purus Plastics GmbH in Opposition to Eco-Terr Distributing's Motion to Dismiss; and**

- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

***Counsel for Respondent Eco Terr Distributing, Inc.***
Dayna J. Christian
Immix Law Group, PC
701 5th Ave Ste 4710
Seattle, WA  98104


DATED this 16th day of April 2018.

                                    BETTS, PATTERSON & MINES P.S.


                                    By  /s Shaina R. Johnson
                                        Shaina R. Johnson, WSBA #46079
                                    Betts, Patterson & Mines, P.S.
                                    One Convention Place, Suite 1400
                                    701 Pike Street
                                    Seattle WA  98101-3927
                                    Telephone:  (206) 292-9988
                                    Facsimile:  (206) 343-7053
                                    E-mail:      sjohnson@bpmlaw.com
                                    Attorneys for Petitioner Purus Plastics
                                    GmbH

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

8951925v.2